**GRASSI v. ACHESON, Secretary of State.**

Civ. No. 3569—49.

United States District Court
District of Columbia.

Nov. 27, 1951.

Robert F. Bode, Detroit, Mich., Irvin Goldstein, Washington, D. C., for plaintiff.

William R. Glendon, Jerome Powell, Asst. U. S. Attys., Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

Plaintiff, Angelo Grassi, seeks a judgment of this Court declaring him to be a national of the United States.

In 1946 the State Department issued a certificate of loss of nationality.

Grassi was born in Italy on February 26, 1907 of a naturalized American father. Plaintiff resided in Italy during his entire life. He was educated in Italy, married an Italian woman and carried an Italian identity card. Recently he came to this country in possession of a certificate of identity to test his citizenship in Court.

Plaintiff was inducted into the Italian Army in May 1928. He was then twenty-one years of age. He served until December 1929. He was recalled in December 1942 and served until May 1945.

Defendant contends that plaintiff expatriated himself under Section 2 of the Act of March 2, 1907, 8 U.S.C. Section 17 (1927 Ed.) by taking an oath of allegiance to the King of Italy in 1928, and under 8 U.S.C.A. § 801, by service in the Italian Army from 1942 to 1945.

A further claim of expatriation by voting in foreign elections is no longer important in view of recent action of Congress permitting naturalization of those who lost their citizenship by voting in Italian elections of 1946 and 1948. See United States Code, Congressional and Administrative Service, 1951, 82nd Congress, First Session, August 11 to September 13, Chapter 321, Public Law 114, 8 U.S.C.A. § 723 note.

It is not necessary to consider the effect of the service in the Italian Army from 1942 to 1945 as in my opinion the taking of the oath of allegiance to the King of Italy in 1928 together with plaintiff's conduct disposes of this case.

■ ■ The Court is convinced that plaintiff expatriated himself by voluntarily taking an oath of allegiance to the King of Italy and by conduct indicating an intent to remain an Italian citizen.

Grassi offered testimony for the purpose of showing he did not take an oath of allegiance in 1928. He changed his story during the trial. At one time he testified that when the new soldiers were to assemble to take the oath—plaintiff employed a "ruse" and absented himself. Subsequently when questioned concerning the alleged ruse—he became involved in obvious contradiction as he stated he was present when the oath was administered but was "sitting and talking with friends" and consequently did not take the oath.

Plaintiff's testimony on this important issue is completely incredible. Italian law requires the taking of the oath of allegiance. Plaintiff was present when it was administered. The Court is convinced that he took the oath of allegiance. Zimmer v. Acheson, D.C., 91 F.Supp. 313.

Plaintiff attempts to corroborate his story by the sworn interrogatories of two persons who stated they were standing in rank at attention, one on his right and the other behind him, and they both observed he did not take the oath. This testimony gets plaintiff deeper into the realm of contradiction and taxes the credulity of this Court.

The testimony contradicts plaintiff's version that he was "sitting and talking with friends" when the oath of allegiance was taken. Further it is unbelievable that after twenty-one years these men with such clarity and detail could remember this incident.

The Court is not convinced from the evidence that plaintiff made any reasonable attempt to prevent the loss of his American citizenship. To the contrary it is clear that he was satisfied to live in Italy as an Italian citizen until these later years when he concluded that there was more value in American citizenship.

■ After an American citizen has performed an overt act which spells expatriation under the wording of the statute he cannot preserve for himself a duality of citizenship by showing his intent or understanding to have been contrary to the usual legal consequences of such an act. Savorgnan v. United States, 338 U.S. 491, 70 S. Ct. 292, 94 L.Ed. 287, rehearing denied 339 U.S. 916, 70 S.Ct. 564, 94 L.Ed. 1341. See also Cantoni v. Acheson, D.C., 88 F. Supp. 576.

In the Cantoni case, supra, the Court, 88 F.Supp. at page 578 said, "American citizenship cannot be put on and taken off like a cloak, willy nilly, to suit economic advantage or disadvantage."

Therefore, plaintiff's request for judgment declaring him to be a national of the United States must be denied.

Findings of Fact and Conclusions of Law may be submitted in accordance with the views herein expressed.