**MONACO et al. v. ACHESON, Secretary of State.**

United States District Court
S. D. New York.

June 17, 1952.

Caputi & Caputi, New York City (Sebastian P. Caputi, New York City, of counsel), for plaintiff.

Myles J. Lane, U. S. Atty., Southern District of New York, New York City (Samuel S. Burman, New York City, of counsel), for defendant.

S. H. KAUFMAN, District Judge.

Here are combined three actions for declaratory judgments of American citizen- ship pursuant to 8 U.S.C.A. § 903 and a demand for an order directing the State Department to issue a non-quota immigration visa to the spouse of plaintiff Gennaro Monaco, on the ground that she is the wife of an American citizen.

The claims of all plaintiffs hinge on the status of Gennaro Monaco, who will hereafter be referred to as the plaintiff. He is the father of the other two plaintiffs. If plaintiff swore allegiance to the Kingdom of Italy in 1928, as the government claims, he expatriated himself, Act of March 2, 1907, § 2, 34 Stat. 1228, 8 U.S.C.A. § 17, now 8 U.S.C.A. § 801(b); his two children are not citizens of the United States, and his wife has no right to enter this country as the wife of an American citizen.

Plaintiff was born in Sacco, Province of Salerno, Italy, February 13, 1905. His father was naturalized before the County Court, Schenectady County, New York on July 2, 1906. Plaintiff entered the United States on a quota visa in November 1921.

On May 22, 1925, plaintiff personally appeared at the Italian consulate in New York City. There he applied for and received deferment from service in the Italian Army with his class. The deferment was pursuant to Italian law which provided for such deferment to Italian nationals residing abroad.

Plaintiff embarked for Italy September 8, 1928. He ignored the warning of the State Department, made in response to Italian laws of dual nationality, to secure permission to enter Italy without liability for military service.

Plaintiff reached Sacco about September 18, 1928 and entered the Italian Army October 1, 1928. He testified that his family told him to serve to avoid trouble. Neither he nor any member of his family, nor a friend who accompanied him to Sacco, ever made an attempt to secure the aid of American consular or diplomatic officials. Cf. Podea v. Acheson, 2 Cir., 1950, 179 F.2d 306; Dos Reis ex rel. Camara v. Nicolls, 1 Cir., 1947, 161 F.2d 860.

Plaintiff testified that because he entered the Italian military service two months after his class, he never took the oath of

allegiance to Italy. Such claims of administrative lapse are not novel. Zimmer v. Acheson, D.C.Kan., 1950, 91 F.Supp. 313; Grassi v. Acheson, D.C., D.C., 1951, 101 F. Supp. 431.

 The government established that the standard, regular procedure in the Italian Army was to require the oath of all soldiers. Presumption of regularity has long attached to procedures of foreign governments and agencies. U. S. v. King, 1845, 3 How. 773, 44 U.S. 773, 11 L.Ed. 824; Boissonnas v. Acheson, D.C., S.D., N.Y., 1951, 101 F.Supp. 138. Though this presumption is rebuttable, I do not deem it overcome by plaintiff's testimony that he did not take the oath. I do not credit that testimony, in view of his perjurious statement in applications for visas, subsequently made, that he had never served in a foreign army.

Plaintiff was discharged from the Italian Army because of his status as the sole son in his family. He neither applied for nor received a discharge as an American citizen.

Plaintiff married in Sacco December 14, 1929. He re-entered the United States without his wife on May 3, 1930. His son, Salvatore, now in the United States with a Certificate of Identity, was born in Sacco November 16, 1930.

During 1937 plaintiff applied for an immigration visa for his wife and son and again embarked for Sacco. The results of the application are not in evidence. While plaintiff was in Italy, the American consulate warned him to leave because of the war threat. Plaintiff heeded this warning, and, leaving his wife and son in Sacco, reached New York on October 7, 1938. His second child, Rosa, was born in Sacco on April 6, 1939.

In 1946 plaintiff applied for visas for his children and wife. The application was denied. The State Department asserted that plaintiff expatriated himself by taking an oath in the Italian Army, and that hence his children and wife acquired no rights through him.

On both visa applications, plaintiff perjured himself by deposing under oath that he had never served in a foreign army. Plaintiff's testimony of involuntary service is impeached by his voluntary registration in Italy, his failure to seek exemption from military service in Italy, his failure to oppose induction in the Italian Army, and his discharge as an Italian national.

Gennaro Monaco has not been an American citizen since October 1928. Therefore his son Salvatore and his daughter Rosa, both born subsequently in Italy, are not American citizens. His wife, never having been the spouse of an American citizen, has no right to a visa because of her claimed status.

The foregoing shall be deemed to be the findings of fact and conclusions of law. If further findings of fact or conclusions of law are deemed to be necessary by the parties, they may be submitted.

Submit judgment in accordance herewith.